THE PEOPLE OF THE STATE OF NEW YORK ex rel. HIRAM BANNER, as COMMISSIONER, ETC., *v.* EBEN M. TEMPLE and OTHERS, as REFEREES.

*Laying out of a highway through a garden — the affirmance of a certificate of the commissioner of highways, by a county judge and the General Term — 1873, chap 773 — does not take away the right of appeal given by section 84 of 1 Revised Statutes, 518 — Order laying out a highway, should not be made till after the decision of the General Term.*

The fact that the certificate of a commissioner of highways, to the effect that the public interest will be greatly promoted by laying out a road through the garden of an owner who will not consent thereto, has been affirmed by the county judge and the General Term of the Supreme Court, as provided by chapter 773 of 1873, does not prevent any person who conceives himself aggrieved by the subsequent determination of the commissioner in laying out the road from appealing therefrom to the county judge, as provided in section 84 of 1 Revised Statutes, 518.

*It seems* that, in such a case, the commissioner cannot regularly make an order laying out the highway until after the decision of the General Term upon the county judge's order affirming the certificate of the commissioner.

CERTIORARI to review the determination of the defendants as referees, appointed by the county judge of Otsego county, upon an appeal from the order of the relator as commissioner of highways of the town of Maryland, laying out a highway through the garden and bee yard of E. Swackhammer, without his consent, but upon the certificate of the commissioner to the county judge that the public interest will be greatly promoted thereby, and the affirmance of said certificate by the county judge and the General Term, pursuant to chapter 773, Laws of 1873. The question presented was whether such an appeal to the county judge could be taken after such action by the commissioner, county judge and General Term.

On the 16th day of July, 1881, a jury was impanneled, and duly certified to the necessity of making certain alterations in a highway in Sperry Hollow, town of Maryland, Otsego county, N. Y. They directed the alteration in question to be made. As appears by the commissioner's order, a portion of the altered road ran through Ernest Swackhammer's door yard, fruit trees, etc., and a portion through or "over inclosed and improved lands of Arnold S. Lamphere." The first alteration was not to take effect until affirmed by

the county judge of Otsego county and the General Term of the third department.

The county judge made an order relating to the yard surrounding the house of Swackhammer, which was confirmed by the General Term.

September twelfth, Swackhammer appealed from the order of the commissioner to the county judge, who appointed referees to hear the appeal. The hearing was had, and after an examination of the proposed route and hearing the testimony offered by the parties, the order of the commissioner, as appealed from, was in all things reversed.

*C. L. Barber*, for the relator.

*Graham & Lane*, for the respondents.

LANDON, J.:

The Revised Statutes (1 R. S., 514, § 57), before the amendment of 1873, absolutely prohibited the laying out of a public or private road through any orchard, or garden, or building, or erections for trade or manufactures, or yards, or enclosures necessary to the use and enjoyment thereof, without the consent of the owner.

It is not disputed that the garden and bee yard of Mr. Swackhammer fall within the terms of the section. By chapter 773, Laws of 1873, section 57 was amended by adding a proviso at the end of it. As amended, the absolute prohibition against laying out the road without the owner's consent still continues, unless the substitute for that consent, as provided in the amendment, shall be obtained. That substitute is, that upon notice to the owner the commissioner shall certify to the county judge that the public interest will be greatly promoted by the laying out and opening the road, and if, upon hearing both sides, the county judge shall affirm the decision of the commissioner, and then, upon further hearing, the General Term shall " confirm " the order of the county judge, then the non-consent of the owner is no longer an obstacle, and it becomes " the duty of the commissioner to proceed and lay out and open said road as in other cases."

It will be seen that this proceeding before the county judge and

the General Term is between the commissioner and the owner of the land; the public have no notice of it and take no part in it. Its purpose is to remove, if it shall be right to do so, the obstacle of the owner's non-consent. This removed, the commissioner proceeds as if he had that consent.

But the public may be greatly aggrieved by his subsequent action in laying out the road, and the eighty-fourth section, giving an appeal to the county judge to "every person who shall conceive himself aggrieved by any determination of the commissioner in laying out," etc., is as necessary as if the owner had given his consent, and is in no wise repealed. If these views are correct, the appeal from the order of the commissioner laying out the road was properly taken, and the order of the referee thereupon should be affirmed, with fifty dollars costs, as provided in section 2143, Code of Civil Procedure.

It may not be improper to add that, in our opinion, the commissioner could regularly have made no order laying out the road until after the decision of the General Term upon the county judge's order affirming the commissioner's certificate. Until then he had no jurisdiction to lay out the road; that is, to make the order laying it out; but we have chosen to review the question presented as if his order were regularly made.

LEARNED, P. J., and BOARDMAN, J., concurred.

Order of referees affirmed, with fifty dollars costs and disbursements.